**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PANKAJ AKBARI, Petitioner, v. ROY L. HENDRICKS, etc., et al., Respondents. | **Hon. Peter G. Sheridan** Civil No. 11-0006 (PGS) **OPINION** |

**APPEARANCES:**

PANKAJ AKBARI, A 040 364 623
Essex County Jail
354 Doremus Avenue
Newark, New Jersey 07105
Petitioner Pro Se

**SHERIDAN**, District Judge

Pankaj Akbari, a native and citizen of India, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his post-removal period detention in the custody of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS"). Petitioner challenges his detention as not statutorily authorized and in violation of due process guaranteed by the Fifth Amendment, and he seeks an order directing respondents to release him from custody. Because Petitioner has not alleged facts showing that his removal is not reasonably foreseeable, his detention is statutorily authorized by 8 U.S.C. § 1231(a)(6) and his detention does not violate due process. This Court will summarily dismiss the Petition, without prejudice to the filing of a new petition in a new civil action in the event that Petitioner's removal is not reasonably foreseeable.

## I. BACKGROUND

Petitioner challenges his detention by ICE/DHS at the Essex County Jail in Newark, New Jersey. Petitioner is a citizen of India. He entered the United States in 1987 at the age of four. Petitioner asserts that in 2001 he was convicted of robbery and sentenced to a 10-year term of imprisonment. He alleges that on October 10, 2007, an immigration judge issued an order of removal based on his criminal conviction. DHS allegedly took him into custody on June 7, 2010, when he was released from incarceration. "Petitioner did not appeal thereby making the removal order final as of the date of the Immigration Judge's decision." (Docket Entry #1, p. 4.)

Petitioner further asserts on October 26, 2010, DHS reviewed his custody status, and on October 28, 2010, DHS denied release on supervision because he posed a threat to the public due to his criminal history. However, Petitioner insists that he poses no danger to the community and no flight risk. He alleges that DHS denied his written requests for release on September 23, 2010, and October 5, 2010, on the ground that DHS "was waiting for travel documents from the consulate of India." (Docket Entry #1, p. 5.) Petitioner asserts that he "has done everything in his power to cooperate with ICE to help in his removal. Petitioner went to his consulate in New York City on or about July 14 to see about obtaining his travel documents. Petitioner has supplied biographical information to ICE to help in his removal proceedings. Petitioner has filled out paperwork to obtain emergency travel documents. Petitioner has done everything that was asked of him by ICE." (Id.) He argues that his continued detention is not statutorily authorized and violates procedural and substantive due process. Petitioner seeks a Writ of Habeas Corpus directing respondents to release him under supervision or to conduct a hearing where respondents demonstrate that Petitioner's continued detention is justified. (Id. at p. 12.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C. Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States. See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."). "Detention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 531 (2003).

Once an alien is ordered removed, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins

> on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the Attorney General to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the Attorney General to thereafter continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. However, "once

removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To guide habeas courts, the Supreme Court recognized six months as a "presumptively reasonable period" of post-removal-period detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.[1]

In this case, Petitioner's 90-day removal period began on June 7, 2010, when he was released from his criminal sentence. See 8 U.S.C. § 1231(a)(1)(B)(iii). The six-month presumptively reasonable period of detention under § 1231(a)(6), as interpreted by Zadvydas, began to run on June 7, 2010, at the earliest, when he was taken into custody of DHS, and continued through December 7, 2010. Petitioner executed the § 2241 Petition on December 26, 2010, 19 days after the six-month presumptively reasonable period of detention expired. Petitioner's detention continues to be authorized by 8 U.S.C. § 1231(a)(6), however, because no facts alleged in the Petition "provide[] good reason to believe that there is no significant likelihood of removal [to India] in the reasonably foreseeable future," which would require the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.[2]

---

[1] In 2005, the Supreme Court ruled in Clark v. Martinez, 543 U.S. 371 (2005), that the post-removal-period detention of two inadmissible aliens from Cuba who had not effected "entry" was no longer statutorily authorized by § 1231(a)(6) because removal to Cuba was not reasonably foreseeable. See Clark v. Martinez, 543 U.S. at 384.

[2] To state a claim of unauthorized detention under Zadvydas, a petitioner must provide "good reason to believe that there is no likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. See Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir.
(continued...)

Because Petitioner has not made the required showing under Zadvydas, his detention is authorized by § 1231(a)(6), does not violate due process, and this Court will dismiss the Petition for failure to assert facts showing that Petitioner is detained contrary to the laws, the Constitution, or treaties of the United States. However, the dismissal is without prejudice to the filing of a new § 2241 petition (in a new civil action) in the event that Petitioner can show that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").

---

[2](...continued)
2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Pierre v. Weber, 2010 WL 1492604 (D.N.J. April 14, 2010) (summarily dismissing § 2241 petition as premature under Zadvydas and § 1231(a)(6) where petitioner filed petition during presumptively reasonable six-month period after removal became final and failed to assert facts showing his removal is not reasonably foreseeable).

## III. CONCLUSION

The Court will dismiss the Petition without prejudice to the filing of another petition (in a new civil action) in the event that there is no significant likelihood of removal in the reasonably foreseeable future.

Peter Sheridan
**PETER G. SHERIDAN**
United States District Judge

DATED: Jan. 13, 2011